IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALBERTO G. ROBLES,

      Petitioner,

v.                                                                                    2:16-cv-00929-MV-LF

R.C. SMITH, Warden, and HECTOR
BALDERAS, Attorney General for the
State of New Mexico,

      Respondents.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on petitioner Alberto G. Robles's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), filed August 15, 2016. Respondents filed their answer to the petition on April 14, 2017. Doc. 7. Mr. Robles filed a reply on April 28, 2017. Doc. 8. United States District Judge Martha Vazquez referred this case to me to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition. Doc. 9. Having considered the parties' submissions, the relevant law, and the record in this case, I conclude that Mr. Robles included both exhausted and unexhausted claims in his federal habeas petition. Therefore, his application must be treated as a mixed petition. For the reasons discussed below, I recommend that the Court give Mr. Robles fourteen (14) days after an order adopting the Proposed Findings and Recommended Disposition ("PFRD") to file an amended petition. If he does not do so, I recommend that his entire petition be dismissed without prejudice.

## I.    Procedural Background

On May 15, 2008, a jury in the Third Judicial District for the State of New Mexico found Mr. Robles guilty of second-degree attempt to commit first-degree murder (Count 1); multiple counts of first-degree kidnapping (Counts 8−13); multiple counts of fourth-degree aggravated assault with a deadly weapon (Counts 14−17); third-degree aggravated battery (Counts 18−21); and two counts of third-degree intentional child abuse (Counts 22 and 23).  Doc. 7-1 at 1–3.  On April 29, 2009, the state district court sentenced Mr. Robles to a term of 116 years, to be followed by two years on parole.  *Id*. at 8.

### A.  Direct Appeal

On May 27, 2009, Mr. Robles filed a direct appeal.  *Id*. at 11.  In his direct appeal, Mr. Robles argued that he had been denied a fair trial due to the following:  (1) "several distinct acts of juror misconduct"; (2) "failure of the state to bring him to trial in a manner dictated by the constitution" (speedy trial violation); and (3) "[c]ontinued discovery violations."  *Id*. at 17.  Appellate counsel subsequently added that trial counsel was ineffective for failing to explain in the docketing statement how the alleged juror misconduct error had been preserved.  *Id*. at 30−31.  On July 19, 2010, the New Mexico Court of Appeals affirmed Mr. Robles's conviction.  *Id*. at 37–46.  Mr. Robles petitioned the New Mexico Supreme Court for a writ of certiorari, which that court granted on September 27, 2010.  *Id*. at 47–55, 76−77.  However, on November 14, 2011, following briefing, the New Mexico Supreme Court quashed the writ as "improvidently granted."  Doc. 7-2 at 36.  The New Mexico Supreme Court issued its mandate to the state district court on December 6, 2011.  *Id*. at 38.

### B. State Habeas Petition

On August 15, 2012, Mr. Robles filed a *pro se* habeas petition in state district court. Doc. 7-2 at 39–53. In his petition, Mr. Robles asserted the following grounds for relief: (1) ineffective assistance of counsel; (2) due process violations caused by a "tainted jury"; (3) prosecutorial misconduct; (4) "abuse of discretion"; (5) "witness violations"; (6) and cruel and unusual punishment (in the form of an allegedly excessive sentence). *Id*. at 39–40. After Mr. Robles filed his petition, the state court appointed counsel. *See* Doc. 7-2 at 69. Mr. Robles's appointed counsel chose not to amend Mr. Robles's state habeas petition. *Id*. at 64. The state court held an evidentiary hearing. *Id*. at 69–72. At the evidentiary hearing, Mr. Robles's counsel only presented evidence and argument regarding the ineffective assistance of counsel claim. *Id*. at 69. On November 12, 2015, the state court denied Mr. Robles's habeas petition. *See id*. at 69–72. On December 10, 2015, Mr. Robles filed a petition for writ of certiorari in the New Mexico Supreme Court. Doc. 7-3 at 1−6. On May 31, 2016, the New Mexico Supreme Court denied Mr. Robles's petition for writ of certiorari. *Id*. at 33.

### C. Petitioner's Section 2254 Claims

Mr. Robles filed his federal petition for habeas corpus relief under 28 U.S.C. § 2254 on August 15, 2016. Doc. 1.[1] In his petition, Mr. Robles asserts four grounds for relief:

---

[1] The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of several events, one of which is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year period is tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The New Mexico Supreme Court denied certiorari on Mr. Robles's direct appeal on November 14, 2011. Doc. 7-2 at 37. Mr. Robles filed his state habeas petition on August 15, 2012, Doc. 7-2 at

(1) ineffective assistance of counsel; (2) prosecutorial misconduct; (3) abuse of discretion by the trial court; (4) "tainted jury-improper jury conduct." Doc. 1 at 5–11, 16.

Respondents R.C. Smith, Warden, and Hector Balderas, the Attorney General for the State of New Mexico, contend that Mr. Robles has filed a mixed petition, containing both exhausted and unexhausted claims. Doc. 7 at 1. Respondents ask the Court to either dismiss Mr. Robles's petition without prejudice for failure to exhaust available state court remedies, or to direct Mr. Robles to delete his unexhausted claims and proceed with only those claims that he has properly exhausted. *Id.* at 9. I agree that Mr. Robles has filed a mixed petition. I recommend that the Court allow Mr. Robles the opportunity to file an amended petition containing only his exhausted claims.

## II. Exhaustion of State Court Remedies

A state prisoner generally must exhaust available state court remedies before a federal court can consider the prisoner's habeas petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(b)(1)(A); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). "The [exhaustion] doctrine reflects the policies of comity and federalism between the state and federal governments, a recognition that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997) (citations and quotation marks omitted). A federal issue is exhausted if it "has been properly

---

39–53, which the New Mexico Supreme Court denied on May 31, 2016. Doc. 7-3 at 33; *see also Serrano v. Williams*, 383 F.3d 1181, 1185 (10th Cir. 2004) ("New Mexico procedural rules allow him fifteen days from the supreme court's denial of certiorari to file a motion for rehearing, and that his AEDPA limitations period should remain tolled for these fifteen days."). Mr. Robles's state habeas petition tolled the one-year statute of limitations for filing his federal habeas petition, and his August 15, 2016 petition in this Court is therefore timely.

presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted). In addition, the petitioner must "fairly present his or her claims to the state courts before a federal court will examine them," which means that the "substance of the claim" must have been raised before the state court either on appeal or in post-conviction proceedings. *Demarest*, 130 F.3d at 932 (citation and quotation marks omitted). While a petitioner may present "bits of evidence" to a federal court that were not presented to the state court, "evidence that places the claims in a significantly different legal posture must first be presented to the state courts." *Id.* (citation and quotation marks omitted). The exhaustion requirement applies to both unexhausted claims, and portions of claims. *Jernigan v. Jaramillo*, 436 F. App'x 852, 855–56 (10th Cir. 2011) (unpublished).

Habeas petitions that contain both exhausted and unexhausted claims are called "mixed" petitions. *Pliler v. Ford*, 542 U.S. 225, 227 (2004). Mr. Robles has filed a mixed petition, as explained more fully below.

### A. Ineffective Assistance of Counsel

In Count 1 of his petition in this Court, Mr. Robles alleges

(1) ineffective assistance of trial counsel due to

   a. failure to "adequately investigate specific facts related to case as information was given to him by defendant";
   b. failure "to seek funding or secure expert witness testimony to rebut circumstantial an[d] unsubstantiated weak evidence presented by state witness, including 'eye witness' testimony";
   c. failure "to depose, secure aff[i]davits, or subpoena alibi witness to prove actual innocence of defendant";
   d. failure "to challenge 'key evidence' presented by state"; and
   e. failure " to seek mistrial, for improper juror issues."

Doc. 1 at 5, 16.

Respondents argue that Mr. Robles failed to raise any of these ineffective assistance of counsel sub-claims in state court. Doc. 7 at 4. Because Mr. Robles did not raise these sub-claims in state court, respondents argue that Mr. Robles has not exhausted state court remedies as to these ineffective assistance of counsel sub-claims. *Id.* Respondents assert that Mr. Robles cannot expand the scope of his ineffective assistance of counsel claim in federal court. *Id.* For the reasons explained below, I agree that Mr. Robles has failed to exhaust the ineffective assistance of counsel claims in his habeas petition before this Court.

In his direct appeal, Mr. Robles made some arguments about ineffective assistance of counsel, but the arguments were not the same as those he raises in his petition before this Court. In his direct appeal, Mr. Robles argued that his trial counsel, Mr. Daniel Salazar, was ineffective for failing "to include the required information in his docketing statement to perfect all the issues raised in [his] appeal." Doc. 7-1 at 30. Mr. Robles further argued that Mr. Salazar failed to "provide the evidence material to the issues raised in the docketing statement, as required by" the rules. *Id.* at 30–31. Specifically, Mr. Robles argued that Mr. Salazar failed to explain in his docketing statement how the issue of being denied a fair and impartial jury was preserved for appeal. *Id.* at 30. Mr. Robles urged the New Mexico Court of Appeals to "adopt a rule finding ineffective assistance of counsel when trial counsel fails to file a complete docketing statement or in the alternative grant him full record review under the General Calendar." *Id.* at 32. The New Mexico Court of Appeals held that "[t]o the degree that trial counsel has been ineffective in his presentation of Defendant's claim to this Court and counsel's ineffectiveness has prejudiced Defendant, Defendant may raise that argument in any collateral proceeding he wishes to bring." *Id.* at 58–59. Mr. Robles appealed these same ineffective assistance of counsel claims to the

New Mexico Supreme Court. *See* Doc. 7-2 at 5–7. After reviewing the briefs, the New Mexico Supreme Court quashed its writ of certiorari as "improvidently granted." *Id*. at 36.

In his state habeas petition, Mr. Robles raised several arguments in his initial filing. *See id*. at 39–53. One argument he raised was that he had had ineffective assistance of counsel. *Id*. at 39. In the addendum to his state habeas petition, Mr. Robles alleged that he gave information about his alibi witness to Mr. Salazar's investigator, Mr. Pffefer. Doc. 7-2 at 47. Mr. Robles states that Mr. Pffefer was supposed to contact him or his family if he had trouble locating his alibi witnesses. *Id*. He states that Mr. Pffefer did not contact him, and that neither his attorney, Mr. Salazar, nor Mr. Pffefer would accept his calls when he called to see if they had located his alibi witnesses. *Id*. Mr. Robles states that Mr. Pffefer and Mr. Salazar did not inform him that they had not located his alibi witnesses until the day before trial, and by then it was "to[o] late." *Id*. These allegations in Mr. Robles's state habeas petition, while not identical, are substantively the same as the allegations he makes in Count (1)(c) above: that his trial counsel was ineffective due to his failure "to depose, secure aff[i]davits, or subpoena alibi witness to prove actual innocence of defendant." The state court held an evidentiary hearing on Mr. Robles's habeas petition, during which Mr. Robles presented evidence and argument pertaining only to his ineffective assistance of counsel claim, after which the state court denied Mr. Robles's petition in its entirety. *Id*. at 69–72.

Mr. Robles petitioned the New Mexico Supreme Court for review of the state court's denial of his habeas petition. Doc. 7-3 at 1–6. Part of Mr. Robles's petition for writ of certiorari centered on his ineffective assistance of counsel claims. *Id*. at 4–6. But Mr. Robles did not argue in his petition that trial counsel was ineffective for failing to locate, depose, secure affidavits, or subpoena his alibi witnesses. Instead, Mr. Robles "claimed ineffective assistance

of counsel for counsel[] failing to prepare an adequate defense and counsel [him] and for failing to call [him] to testify on his own behalf when [he] informed [trial counsel] of his desire to do so at trial." *Id*. at 3. More specifically, he argued that

> At the evidentiary hearing Mr. Robles testified that he had no meaningful communication with trial counsel prior to trial. As well, Mr. Robles testified that he told trial counsel, after the State rested its case, that he wanted to testify on his own behalf. If he had testified, Mr. Robles would have testified he was with friends in Alamogordo on the date of the alleged crimes and not in Las Cruces where the alleged crimes occurred. Trial counsel did not call Mr. Robles to testify. Although Mr. Robles did not protest, counsel had the duty to counsel Mr. Robles of his right and consequences of waiving his right to testify.

*Id*. at 5. Thus, Mr. Robles failed to raise his claim that his trial counsel was ineffective for failing to locate, depose, secure affidavits, or subpoena his alibi witnesses to the highest court.

Mr. Robles failed to exhaust any of the ineffective assistance of counsel claims he raises in his federal habeas petition. Mr. Robles did not "properly present" the claims of ineffective assistance of counsel that he has included in his federal habeas petition "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534; *see also Smallwood v. Gibson,* 191 F.3d 1257, 1267 (10th Cir. 1999) ("Although petitioner raised an ineffective assistance of counsel claim on direct appeal, he based it on different reasons than those expressed in his habeas petition. Indeed, petitioner has not properly raised before the state courts any of the bases upon which his current ineffective assistance of counsel claims rely. Thus, petitioner has failed to exhaust his ineffective assistance of counsel claims.") Mr. Robles did not raise claims (1)(a), (1)(b), (1)(d), or (1)(e) in his direct appeal or in his state habeas petition. And although Mr. Robles raised claim (1)(c) in his initial state habeas petition, he did not appeal that issue "to the highest state court." *Dever*, 36 F.3d at 1534. Thus, he has not exhausted any of his ineffective assistance of counsel claims.

## B. Prosecutorial Misconduct

In Count 2 of his petition in this Court, Mr. Robles alleges

(2) prosecutorial misconduct based on the state prosecutor

    a. expressing "i[n]appropriate derogatory comments about defendant that was heard by the trial jury, and these comments caused jury bias and prejudiced the jury's decision";

    b. withholding "exculpatory evidence and delay[ing] release of discovery to defendant despite timely requests";

    c. repeatedly attempting "to present evidence that was unsubstantiated and circumstantial in an effort to win a case at all costs, instead of adhe[]ring to the required duties of a prosecutor to seek justice through truthful presentation of credible evidence";

    d. promising "leniency to witness Malcolm Blake in exchange for testimony."

Doc. 1 at 7, 16.

Respondents argue that Mr. Robles only exhausted sub-claim (2)(b).  Doc. 7 at 4. Respondents argue that this sub-claim was exhausted through Mr. Robles's direct appeal.  *Id.*  I find, however, that Mr. Robles failed to exhaust <u>any</u> of his sub-claims for prosecutorial misconduct.

In his direct appeal, the New Mexico Court of Appeals declined to address Mr. Robles's claims of alleged discovery violations.  *See* Doc. 7-1 at 64.  That court held that it "would not address these issues because [Mr. Robles] had not explained how he brought these claims of error to the attention of the district court, what legal arguments he made, or what relief he sought as a consequence of the State's alleged failures."  *Id.*  The New Mexico Court of Appeals rejected Mr. Robles's argument that because his "trial counsel was ineffective in his presentation of these issues on appeal . . . the case should be remanded or placed on the general calendar."  *Id.* The New Mexico Court of Appeals held that "[t]o the degree that trial counsel has been ineffective in his presentation of [Mr. Robles's] claim to this Court and counsel's ineffectiveness

has prejudiced [Mr. Robles], [Mr. Robles] many raise that argument in any collateral proceeding he wishes to bring." Doc. 7-1 at 58–59. Mr. Robles appealed the decision of the New Mexico Court of Appeals to the New Mexico Supreme Court. *See* Doc. 7-2 at 1–12. However, Mr. Robles raised only one argument to the New Mexico Supreme Court: that trial counsel was ineffective for failing to preserve the issue of his being denied a fair and impartial jury. *See id*. Mr. Robles did not appeal any issues pertaining to prosecutorial misconduct. There is nothing in his brief to the New Mexico Supreme Court discussing prosecutorial misconduct. *See id*. Therefore, Mr. Robles failed to exhaust these issues through his direct appeal.

Mr. Robles also did not exhaust his allegations of prosecutorial misconduct through his state habeas petition. Mr. Robles generally alleged "prosecutorial misconduct" in his state habeas petition. Doc. 7-2 at 39. However, having thoroughly reviewed his state habeas petition as well as the addendum to his petition, the Court finds that Mr. Robles failed to allege the specific prosecutorial misconduct sub-claims that he raises in his petition before this Court. Additionally, and as discussed above, the only issue Mr. Robles appealed from the state court's denial of his habeas petition was that the district court improperly denied his claim of ineffective assistance of counsel. Doc. 7-3 at 4–6.

Mr. Robles did not "properly present" his allegations of prosecutorial misconduct "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. Mr. Robles's claims of prosecutorial misconduct are therefore not exhausted.

### C. Abuse of Discretion

In Count 3 of his petition, Mr. Robles alleges

(3) abuse of discretion based on the trial court

    a. denying him "the right to a speedy trial";

    b. refusing "to compel state prosecutor to release all discovery, including exculpatory evidence related to state's investigation and interrogation of witnesses";

    c. allowing "bias[ed] and prejudiced jury to hear case despite issues of impropriety being raised. Failed to conduct meaningful investigation or further voir dire [on] specific incidents of improper conduct of jurors";

    d. denying "defendant [the] right to conduct meaningful and unconditional cross-examination of state witness Malcolm Blake regarding his knowledge of drug[-]related testimony. Actually allowed this coerced witness to testify in exchange for promised leniency, despite witness['s] self-admitted participation in the crime he blamed on defendant Robles";

    e. allowing "evidence presented to convict defendant on multiple counts of 'firearm enhancement' when factually, no weapon was found or introduced into evidence at trial";

    f. imposing "an excessive 116[-]year sentence."

Doc. 1 at 8, 16.

Respondents argue that Mr. Robles has exhausted only sub-claims (3)(a) (speedy trial) and (3)(f) (excessive sentence). Doc. 7 at 5. I find, however, that Mr. Robles has exhausted only sub-claim (3)(a) (speedy trial). I find that he has not exhausted sub-claim (3)(f) (excessive sentence), or any of the other sub-claims in Count 3 of this petition.

In his direct appeal, Mr. Robles argued that he was denied his right to a speedy trial. Doc. 7-1 at 18–19, 32–34. The New Mexico Court of Appeals found this claim to be without merit. *Id.* at 41–44. Mr. Robles filed a petition of certiorari to the New Mexico Supreme Court in which he argued that he was denied his right to a speedy trial. Doc. 7-1 at 53–54. Mr. Robles therefore has exhausted his argument that the state court denied him the right to a speedy trial.

Respondents argue that Mr. Robles exhausted sub-claim (3)(f) (excessive sentence) in his state habeas petition. Doc. 7 at 5. Respondents cite Mr. Robles's initial state habeas petition as

evidence of exhaustion. *Id.* (citing Doc. 7-2 at 40). I do not agree that this sub-claim has been

exhausted. Mr. Robles did list "excessive sentence" as one of the bases for relief in his initial

state habeas petition. Doc. 7-2 at 40. The New Mexico state district court found that Mr. Robles

failed to show that "his sentence is excessively long or inherently cruel" and denied relief. *Id.* at

70. However, Mr. Robles did not appeal the state court's denial of habeas relief on the basis of

an excessive sentence to the New Mexico Supreme Court. In his petition for writ of certiorari for

review of the state court's denial of habeas relief, Mr. Robles raised only one issue: that the

district court improperly denied his claim of ineffective assistance of counsel. *See* Doc. 7-3 at 4–

6. Thus, Mr. Robles did not "properly present" his allegations of an excessive sentence "to the

highest state court, either by direct review of the conviction or in a postconviction attack."

*Dever*, 36 F.3d at 1534. Mr. Robles's claim of an excessive sentence (3)(f) therefore is not

exhausted.

Similarly, the Court finds no evidence that Mr. Robles exhausted sub-claims (3)(b), (3)

(c), (3)(d), or (3)(e). The Court has reviewed both Mr. Robles's direct appeal and his state

habeas petition and finds no evidence that he presented these sub-claims to the state courts.

### D. Tainted Jury-Improper Jury Conduct

In Count 4 of his petition, Mr. Robles alleges

(4) "tainted jury-improper jury conduct" based on

    a. "bias and prejudiced jury heard defendant's case without substantial
       challenges to the fairness of the judicial process. Court failed to voir dire
       jury properly or to recall individual jurors for further voir dire."
    b. "No trial jurors were ever deposed, subpoen[a]ed or otherwise questioned
       regarding the all[e]gations of improper conduct or discussing defendant's
       case, or for making specific remarks to other jurors regarding defendant's
       guilt or innocence. The exposed relationship between a seated juror and a
       member of one of the 'victim's' family was raised but the Court failed to
       replace the juror or declare a mistrial."

c. "Juror issues merely frivolously advanced in petition for writ of habeas corpus despite multiple objections and complaints to habeas attorney by defendant."

Doc. 1 at 10, 16.

Respondents make no arguments as to which of these sub-claims are exhausted or unexhausted. *See* Doc. 7 at 5. Having reviewed both Mr. Robles's direct appeal and his state habeas petition, the Court finds that Mr. Robles has not exhausted any of these sub-claims.

Mr. Robles did not exhaust any of these sub-claims in his direct appeal in the state courts. Trial attorney Daniel Salazar filed a Statement of Issues in his direct appeal, in which he argued that Mr. Robles "was deprived of his right to a fair trial due to several distinct acts of juror misconduct." Doc. 7-1 at 17. The New Mexico Court of Appeals proposed summary affirmance, and proposed not to address the jury misconduct issue because "it does not appear that [Mr. Robles] preserved this claim of error." *Id*. at 22. In his Memorandum in Opposition of Summary Affirmance, Mr. Robles argued that trial counsel was ineffective for failing to preserve the issue of his being denied a fair and impartial jury. *Id*. at 30−32. Mr. Robles urged the New Mexico Court of Appeals to "adopt a rule finding ineffective assistance of counsel when trial counsel fails to file a complete docketing statement or in the alternative to grant him full record review under the General Calendar." *Id*. at 32. The New Mexico Court of Appeals found that Mr. Robles "failed to demonstrate that his claim of error has merit or warrants reversal." *Id*. at 39. The Court of Appeals went on to say that "[t]o the degree that [Mr. Robles] asserts that appellate counsel was unable to develop [his] arguments on appeal because the docketing statement did not include all the necessary facts, we note that [Mr. Robles] could have sought access to the transcripts in order to determine what facts were presented and what issues preserved." *Id*. at 40. In his appeal to the New Mexico Supreme Court, the only issue connected

to the jury raised by Mr. Robles was that his trial counsel was ineffective for failing to preserve the issue of his being denied a fair and impartial jury. *Id.* at 49, 50–53. Mr. Robles did not include any of the jury sub-claims he raises in his habeas petition before this Court in his direct appeal to the New Mexico Supreme Court.

In his state habeas petition, Mr. Robles claimed a "violation of due process [due to a] tainted jury." Doc. 7-2 at 39. In the addendum to his state habeas petition, Mr. Robles discusses some of the jurors. *See id.* at 48, 49. However, Mr. Robles did not raise any of the arguments pertaining to jurors that he raises in his petition to this Court in his state habeas petition. And, as discussed above, the only issue Mr. Robles appealed from the denial of his state habeas petition was that the district court improperly denied his claim of ineffective assistance of counsel. Doc. 7-3 at 4–6. In the Petition for Writ of Certiorari, Mr. Robles stated that he had "claimed ineffective assistance of counsel for counsel: failing to prepare an adequate defense and counsel [him] and for failing to call [him] to testify on his own behalf when [he] informed [trial counsel] of his desire to do so at trial." *Id.* at 3. Mr. Robles did not include any of the jury sub-claims he raises in his habeas petition before this Court in his habeas appeal to the New Mexico Supreme Court.

Mr. Robles did not raise the jury sub-claims that he raises in his federal habeas petition either on direct appeal, or through his state habeas petition. I therefore find that these claims have not been exhausted.

## III. Mixed Petition

As discussed above, Mr. Robles has filed a mixed petition containing both exhausted and unexhausted claims. This Court has limited options when presented with a mixed petition:

> (1) dismiss the mixed petition in its entirety . . . ; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted

claims . . . ; (3) permit the petitioner to dismiss the unexhausted claims and
proceed with the exhausted claims . . . ; or (4) ignore the exhaustion requirement
altogether and deny the petition on the merits if none of the petitioner's claims has
any merit . . . .

*Fairchild v. Workman,* 579 F.3d 1134, 1156 (10th Cir. 2009) (citations omitted).

I do not recommend dismissal of the mixed petition in its entirety. Those in custody

pursuant to the judgment of a state court have a one-year statute of limitations to file a federal

habeas claim. *See* 28 U.S.C. § 2244(d). Federal habeas petitions do not toll the limitations

period. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001). If the Court were to dismiss the

current habeas petition to allow Mr. Robles to exhaust his claims in state court, his application

would be time-barred were he to try to return to federal court. *See, e.g.*, *Rhines v. Weber*, 544

U.S. 269, 274–75 (2005) ("Although the limitations period is tolled during the pendency of a

'properly filed application for State post-conviction or other collateral review,' § 2244(d)(2), the

filing of a petition for habeas corpus in federal court does not toll the statute of limitations")

(citing *Duncan*, 533 U.S. at 181–82). Thus, dismissing Mr. Robles's petition would push this

case well past the limitations period.

Similarly, the "stay and abeyance" mechanism is not appropriate in this case. This

method is only available if petitioner can: (1) show good cause for failing to exhaust his claims

in state court; and (2) show that his unexhausted claims are not "plainly meritless." *Rhines*, 544

U.S. at 277. Mr. Robles has presented no argument that there is "good cause" to excuse his

failure to present his unexhausted claims to the state court, and nothing in the pleadings before

the Court points to the existence of the requisite good cause.

For the foregoing reasons, I recommend the Court allow Mr. Robles to dismiss the

unexhausted claims and proceed with the exhausted claims. Respondents do not object to this

process. *See* Doc. 7 at 9.

## IV. Procedural Default

In general, "when a habeas petitioner has failed to exhaust his state court remedies, a federal court should dismiss the petition without prejudice so that those remedies may be pursued." *Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997) (citation omitted). However, if the state court would not entertain the petitioner's unexhausted claims because of a procedural bar, "there is a procedural default for the purpose of federal habeas review."[2] *Id.* Procedural default occurs only if the state court would refuse to hear the claim based on an "independent and adequate state procedural ground." *Smallwood*, 191 F.3d at 1268. To be independent, a state ground must "rely on state law rather than federal law." *Id.* To be adequate, a state ground must be "strictly or regularly followed and applied evenhandedly to all similar claims." *Id.* (citation and quotation marks omitted); *see also Walker v. Martin*, 562 U.S. 307, 316 (2011) (stating that state grounds must be "firmly established and regularly followed" to be adequate). A claim is procedurally defaulted for purposes of federal habeas review if the petitioner does not obtain timely review of a state district court habeas ruling from the New Mexico Supreme Court. *Watson v. New Mexico*, 45 F.3d 385, 387 (10th Cir. 1995); *Ballinger v. Kerby*, 3 F.3d 1371, 1374 (10th Cir. 1993).

---

[2] A federal court may apply an "anticipatory procedural bar" to "an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." *Moore v. Schoeman*, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002).

A federal court will not consider the merits of procedurally defaulted claims unless:

(1) "the petitioner can demonstrate cause **and** prejudice,"[3] **or**

(2) the petitioner can demonstrate a "fundamental miscarriage of justice" if his claims are not heard,[4] **or**

(3) the Court determines that the claims can more easily be resolved on the merits.[5]

Most of Mr. Robles's unexhausted claims are not procedurally defaulted. Mr. Robles may be able to raise the claims he has not yet presented to the New Mexico state courts in a second state habeas petition. There is no statute of limitations in New Mexico that would prevent him from filing a second habeas petition. *See State v. Sutphin*, 2007-NMSC-045, ¶ 12, 142 N.M. 191, 195, 164 P.3d 72, 76. Ordinarily, "New Mexico state courts will not consider any issues raised in a second post-conviction proceeding which could have been raised in the first proceeding." *Harris v. Williams*, 5 F. App'x 831, 833 (10th Cir. 2001) (unpublished) ("[G]rounds omitted in the prior proceedings are deemed waived.") (quoting *State v. Gillihan*, 1974-NMSC-060, ¶ 10, 86 N.M. 439, 440, 524 P.2d 1335, 1336). However, "[t]here is a narrow exception to this . . . waiver rule when the petitioner asserts 'fundamental error' in his trial." *Id.* (citing *Gillihan*, 1974-NMSC-060, ¶ 11, 86 N.M. 439, 440, 524 P.2d 1335, 1336). Thus, New Mexico courts may find that Mr. Robles's unexhausted claims are not precluded from review under the doctrine of fundamental error. Because there is still a possibility of state review of these claims, in the interest of comity, the Court finds that these claims are not procedurally

---

[3] *Smallwood v. Gibson*, 191 F.3d. 1257, 1268 (10th Cir. 1999).

[4] *Id.*

[5] *See* 28 U.S.C. § 2254(b)(2) (providing that a federal court may deny a habeas petition on the merits, notwithstanding the failure to exhaust state remedies); *see also Romero v. Furlong*, 215 F.3d 1107, 1111 (10th Cir. 2000) (declining to address complex procedural bar because case could more easily and succinctly be resolved on the merits).

defaulted.  *See, e.g., Demarest*, 130 F.3d at 939 (stating that courts should generally choose the option of allowing petitioner to exhaust state remedies when those claims are not procedurally barred); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (explaining that both the exhaustion requirement and the doctrine of procedural default are "grounded in principles of comity," and that "in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights"); *Banks v. Horn*, 126 F.3d 206, 211 (3d Cir. 1997) (advising federal courts to exercise caution before finding a claim procedurally barred where the possibility of state review exists "even if it is not likely that the state court will consider petitioner's claim on the merits"); *Burgin v. Broglin*, 900 F.2d 990, 995 (7th Cir. 1990) (finding that where uncertainty exists regarding the availability of state remedies and further exhaustion is required, the better course is to require petitioner to explore the possibility that state remedies exist).

Two of Mr. Robles's claims are procedurally defaulted:

- (1)(c) Ineffective assistance of counsel due to failure "to depose, secure aff[i]davits, or subpoena alibi witness to prove actual innocence of defendant," and

- (3)(f) The trial court abused its discretion by imposing "an excessive 116[-]year sentence."

Mr. Robles raised both of these claims in his state habeas petition, and the state district court denied relief.  Doc. 7-2 at 39, 40, 47, 69–72.  Under New Mexico's procedural rules, a petitioner has 30 days after the state district court denies a habeas petition to petition for a writ of certiorari with the New Mexico Supreme Court.  *See* Rule 12-501(B) NMRA.  Mr. Robles filed a timely petition for a writ of certiorari to the New Mexico Supreme Court, but he did not petition for review on these grounds.  *See* Doc. 7-3 at 1–6.  Therefore, claims 1(c) and 3(f) are procedurally

defaulted for purposes of federal habeas review and should not be considered by this Court unless Mr. Robles can demonstrate cause *and* prejudice for failing to comply with the state's procedural rules *or* a fundamental miscarriage of justice, *see Smallwood*, 191 F.3d at 1268, *or* if the Court determines that the claims can be easily resolved on the merits, *see* 28 U.S.C. § 2254(b)(2); *Romero*, 215 F.3d at 1111.

To show "cause" for failing to comply with a state's procedural rules, a petitioner must show that "some objective factor external to the defense impeded his compliance with New Mexico's procedural rules." *Watson v. State of New Mexico*, 45 F.3d 385, 388 (10th Cir. 1995) (citations and quotation marks omitted). Mr. Robles has made no such allegation or showing. To demonstrate a "fundamental miscarriage of justice," a petitioner must make "a colorable showing of factual innocence." *Demarest*, 130 F.3d at 941 (citation omitted). A claim of factual innocence requires a petitioner to "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Frost v. Pryor*, 749 F.3d 1212, 1232 (10th Cir. 2014) (citation and quotation omitted). This evidence must be so convincing that—had it been introduced at trial—no reasonable juror would find the petitioner guilty. *Id.* Mr. Robles has submitted no new evidence and has failed to make any showing of factual innocence. His procedurally defaulted claims therefore cannot proceed under the "fundamental miscarriage of justice" test. In addition, I find that claims (1)(c) and (3)(f) cannot easily be disposed of on the merits. Therefore, I find that Mr. Robles's failure to timely file a petition of certiorari is not excused, and that claims (1)(c) and (3)(f) are procedurally defaulted and should not be considered by this Court. If Mr. Robles wishes to challenge the Court's finding that these claims are procedurally defaulted, he may file objections to the PFRD.

# RECOMMENDED DISPOSITION

For the reasons discussed above, I recommend the Court allow Mr. Robles to amend his petition to include only his exhausted claim. If Mr. Robles chooses not to amend his petition, I recommend that the Court dismiss his petition in its entirety without prejudice. If Mr. Robles chooses not to amend his petition, he should bear in mind that the one-year statute of limitations applies to all of the exhausted grounds in his petition, and any future federal habeas petitions on these grounds likely would be time barred.

Mr. Robles has exhausted only one of the claims he presents in his federal habeas petition: (3)(a): The trial court abused its discretion by denying him "the right to a speedy trial." If Mr. Robles wishes to proceed with the underlying petition based solely on the exhausted claim, he must file an amended petition that includes only this claim. He must file this amended petition within 14 days of an order adopting the PFRD. If he fails to timely file an amended petition, I recommend that the Court dismiss his entire petition without prejudice.

The following claims are procedurally defaulted, and the Court should not address them now or as part of any future federal habeas petition: (1)(c) Ineffective assistance of counsel due to failure "to depose, secure aff[i]davits, or subpoena alibi witness to prove actual innocence of defendant," and (3)(f) The trial court abused its discretion by imposing "an excessive 116[-]year sentence." Mr. Robles failed to demonstrate any of the narrow exceptions which would permit this Court to consider these procedurally defaulted claims. If Mr. Robles wishes to challenge the Court's finding that these claims are procedurally defaulted, he may file objections to the PFRD.

Mr. Robles has not exhausted the remaining claims he presents in his federal habeas petition before this Court. Mr. Robles may be able to file a second state habeas petition for these claims if he is able to persuade that state court that they constitute fundamental error.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court. In other words, if no objections are filed, no appellate review will be allowed.**

Laura Fashing
United States Magistrate Judge